DETROIT FLOWER POT CO. *v.* KNOCH.

SALES—BREACH OF IMPLIED WARRANTY—SET-OFF AND RECOUPMENT.
In action for balance due on purchase price of flowerpots,
where defense was breach of implied warranty and recoup-
ment pleaded, finding of trial court that there was no breach,
*held,* supported by evidence.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 20, 1932. (Docket No. 189, Calendar No. 36,281.) Decided April 4, 1932.

Assumpsit by Detroit Flower Pot Company, a Michigan corporation, against Minnie Knoch, doing business as Gus Knoch Greenhouses for balance of account. Defendant pleaded recoupment for alleged defective goods. Judgment for plaintiff for entire balance. Defendant appeals. Affirmed.

*Pear & Beattie,* for plaintiff.

*Tilden M. Gallagher,* for defendant.

McDONALD, J.   This suit was brought to recover a balance of $656.73 claimed to be due on the purchase price of flowerpots which the plaintiff sold and delivered to the defendant at various times from September 24, 1929, to October 23, 1930. The defendant admits that the balance sued for is due according to the invoice price, but asserts the flowerpots were defective to such an extent that they were of no value, and that she was damaged thereby in the sum of $136, for which she pleaded recoupment.   From a

judgment in favor of the plaintiff for the full amount of its claim, the defendant has appealed. She claims and alleges as cause for appeal that she was wrongfully denied the right to establish her recoupment and that the judgment is against the great weight of the evidence.

Her right to any damages was based upon a breach of an implied warranty as to quality. The trial court found there was no breach, and we think his finding is well supported by the evidence. The defendant received 13 shipments between September 24, 1929, and October 23, 1930, all of which she accepted and used. Though she claims to have known that the pots were defective and of no value in her business, she thereafter continued to use them, gave further orders, and accepted the shipments. She also made payments on account from time to time after she discovered the pots were not of the quality she had ordered. After the last of the 13 shipments on October 23, 1930, she continued her business dealings with the plaintiff. In November and December of that year she ordered and accepted four shipments, for which she paid cash. In consideration of these facts and the testimony of disinterested witnesses as to the quality of the goods, the trial court found there was no breach of warranty. We agree with his findings. As there was no breach, it becomes unnecessary to consider the alleged errors relative to the exclusion of testimony offered in support of the claim of recoupment.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.